### BUCKLEY v. GARDEN CITY CO.

(Supreme Court, Appellate Division, Second Department.  June 12, 1908.)

1. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.
  Where there is evidence to support the verdict, the appellate court will not interfere, unless the weight of evidence so preponderates as not to leave the verdict free from reasonable doubt.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3928–3934.]

2. EVIDENCE—JUDICIAL NOTICE.
  The court may take judicial notice that many liquids confined in bottles show a tendency to effervesce, and that in the common experience of mankind explosion of the bottles is not to be apprehended.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 4–6.]

3. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTIONS FOR JURY.
  Whether a plumber's helper was bound to anticipate that an inch of muriatic acid in a beer bottle mingled with zinc would cause so great a pressure as to explode the bottle, even though the activity of the elements may have appeared very strenuous, held for the jury.

Appeal from Trial Term, Nassau County.

Action for personal injuries by John Buckley against the Garden City Company.  From a judgment for plaintiff, and an order denying a new trial, defendant appeals.  Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

W. W. Gillen, for appellant.

Philip A. Brennan, for respondent.

WOODWARD, J.  The plaintiff was employed as a plumber's helper, and was sent to work with one Bedell, who appears to have

been something less than a fully qualified plumber. On the 3d of April, 1906, the plaintiff went with Bedell to the company's storehouse to obtain materials to use in making repairs on house No. 41, belonging to the defendant company. The necessary materials embraced muriatic acid, which, when "killed" by the introduction of zinc, which the acid cuts, is used in soldering. The clerk at the company's storehouse put about an inch of muriatic acid in a beer bottle, with a patent stopper, and some one (and as to this the evidence is conflicting) placed the zinc in the same bottle, and the plaintiff used the stopper and closed the bottle. Subsequently the bottle exploded, and as a result the plaintiff lost an eye. The jury, on a charge which fairly stated the law and to which no objections or exceptions survive, has found a verdict in favor of the plaintiff for $2,700, and the defendant appeals from the judgment and from the order denying a motion for a new trial.

The defendant contends that the verdict is against the weight of the evidence, and the fact that the jury has found so small a verdict rather suggests that the jury was in some doubt about where the weight of evidence was to be found. Still we are of the opinion that the evidence in support of the plaintiff's case is sufficient to sustain the judgment, and, this being true, it is not for an appellate court to interfere, unless the weight of evidence so preponderates as not to leave the integrity of the verdict free from reasonable doubt. The learned court fully charged the jury that the plaintiff could recover only upon showing by a preponderance of evidence that the master had neglected some duty which it owed to him; that he could not recover if the negligence resulting in the injury was due to the fault of Bedell, provided Bedell knew of the danger to be anticipated from mingling the acid with the zinc in a corked bottle; and that he likewise could not recover if he knew of the danger, or if he had been warned of the danger, or if the obvious facts brought to his attention were sufficient to give him warning of the danger. There was a conflict of evidence upon these questions, but the plaintiff produced evidence on every proposition which, if believed by the jury, was sufficient to meet the requirements.

The suggestion of defendant's counsel that the fact that the mingling of muriatic acid and zinc results in effervescence, which the plaintiff must have witnessed, and that this was sufficient to put him on his guard, while proper to urge before a jury, is hardly conclusive as a matter of law. The court might almost take judicial notice of the fact that many liquids confined in bottles show this tendency to effervescence, and that in the common experiences of mankind the dangers to be apprehended are not those of an explosion of the bottles, and we are of opinion that a plumber's helper was not called upon, even if he had seen the disturbance, to have taken notice that this involved the danger of such an accident as he experienced. A beer bottle is strong, it is made to withstand a considerable pressure, and it is doubtful if the average man, knowing little or nothing of chemistry, would anticipate that an inch of muriatic acid in a beer bottle, mingled with a little innocent appearing zinc, would cause so great a pressure as to explode the bottle, even though the activity in the ele-

ments should appear very strenuous. What might be entirely clear to a chemist might not have been known to Bedell and to the plaintiff, and the question presented was one of fact, rather than of law.

The judgment and order appealed from should be affirmed, with costs. All concur.